# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

| JAMES LEE HUMBLE, JR. | * | |
| --- | --- | --- |
| | * | |
| Plaintiff, | * | |
| v. | * | No. 4:21-cv-00252-JJV |
| | * | |
| KRISTIE FLUD | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM AND ORDER

### I.   INTRODUCTION

James Lee Humble, Jr. ("Plaintiff"), currently an inmate at the Cummins Unit of the Arkansas Division of Correction, filed this action *pro se* pursuant to 42 U.S.C. § 1983 alleging violation of his federally protected rights while he was incarcerated in the Lonoke County Detention Center (the "Detention Center"). (Doc. No. 1.)  Plaintiff sued Lonoke County Jail Administrator Kristie Flud[1] in her personal and official capacities. (*Id*. at 4.)  Plaintiff apparently is a sex offender. (*Id*. at 9.)  Plaintiff alleged failure to protect.  He says inmates on his enemy alert list hit him in his ear, which caused blood to flow out of his ear for days. (*Id*. at 4.)  Plaintiff also says he was denied medical care after the attack. (*Id*.)  He seeks damages, among other relief. (Doc. No. 1 at 7.)

Defendant Flud has now filed a Motion for Summary Judgment arguing Plaintiff failed to exhaust his administrative remedies. (Doc. Nos. 17-19.)  Plaintiff has not responded; this matter

---

[1] The Clerk of the Court is directed to change Defendant Flud's name on the docket to Kristie Flud. (Doc. No. 10.)

is now ripe for a decision. For the reasons explained below, Defendant's Motion (Doc. No. 17) is GRANTED and Plaintiff's claims are DISMISSED without prejudice.

## II. SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III.   ANALYSIS

The Prison Litigation Reform Act ("PLRA") requires an inmate to exhaust available prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (per curiam). Exhaustion under the PLRA is mandatory. *Bock*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.* at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's—or detention center's—grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id*.

I note Plaintiff has not filed a response to Defendant Flud's Motion and has not contested—in a separate statement of fact or otherwise—any undisputed material fact set out by Defendant Flud. And Plaintiff has not identified any grievance in the record that would exhaust his claims. Accordingly, Defendant Flud's material facts not in dispute (Doc. No. 18) are deemed admitted. Local Rule 56.1(c); FED. R. CIV. P. 56(e)(2).

The Detention Center had in place a grievance procedure that, under the PLRA, Plaintiff was required to exhaust before filing suit. (Doc. No. 18-1 at 1, ¶ 2; Doc. No. 18-3 at 6; Doc. No. 18-4.) The grievance procedure gave inmates the opportunity to present "written notice of a complaint, request or problem." (Doc. No. 18-4 at 1.) Under the policy, grievances generally are responded to within ten days. (*Id*. at 1-2.) If the inmate was not satisfied with the response to the

grievance, he could appeal the decision.  (*Id*. at 2.)  Appeal was the last step of the grievance procedure.  (*See Id*.)  All grievances and responses are maintained in the inmate's jail file.  (*Id*.)

Defendant Flud asserts Plaintiff did not exhaust any grievance in connection with the claims in this case.  In support of Defendant Flud's argument, she submitted copies of the roughly 36 grievances and requests filed by Plaintiff and maintained by the Detention Center.  (Doc. No. 18-1 at 2, ¶ 3; Doc. No. 18-2.)

After thoroughly reviewing each grievance and request Plaintiff filed, I agree that Plaintiff filed no grievance related to the alleged failure to protect or inadequate medical care.  While Plaintiff did make medically-related requests, none were related to his bleeding ear.  (*See* Doc. No. 18-2 at 1, 2, 5-6, 10, 12, 17-18, 20-22, 24-26, and 30-31.)

Plaintiff did file a general request asking to be placed in protective custody.  (Doc. No. 18-2 at 16.)  That general request reads, in relevant part: "humbly request to be placed under PC because I feel my life is threat by this unit . . . ."  (Doc. No. 18-2 at 16.)  Defendant Flud responded: "I am having a jailer come by and speak with you on this."  *(Id*.)  But Detention Center Policy differentiates between grievances and requests.  (Doc. No. 18-3 at 6; Doc. No. 18-4 at 1-3.)  Further, the request did not put Defendant Flud on notice of any complaint regarding prisoners on Plaintiff's enemy alert list.

As explained above, the PLRA requires exhaustion of the available grievance procedure.  Where, as here, Defendant Flud has moved for summary judgment, Plaintiff "was required 'to discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact.'"  *Fatemi v. White*, 775 F.3d 1022, 1046 (8th Cir. 2015) (internal citation omitted).  But Plaintiff has not come forward with proof that he did, in fact, exhaust his claims

before he sued Defendant Flud. The record supports a finding that Plaintiff failed to exhaust his § 1983 claims.

I realize Plaintiff may perceive my exhaustion findings as an unfairly technical "gotcha" mechanism to keep him out of court. To the contrary, the exhaustion requirement plays a critical role in the remedy process. The Eighth Circuit has explained this important role as follows:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Johnson v. Jones*, 340 F.3d 624, 626-27 (8th Cir. 2003); *see also Woodford*, 548 U.S. at 88 ("Exhaustion gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of [the agency's] procedures"). Because Plaintiff failed to exhaust his administrative remedies, summary judgment in Defendant Flud's favor is appropriate.

## IV. CONCLUSION

IT IS, THEREFORE, ORDERED that:

1. Defendant Flud's Motion for Summary Judgment (Doc. No. 17) is GRANTED.

2. Plaintiff's claims are DISMISSED without prejudice for failure to exhaust administrative remedies.

3. This case is DISMISSED.

4. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith.

DATED this 14th day of July 2021.

                                                                                    _____
                                                                                    JOE J. VOLPE
                                                                                    UNITED STATES MAGISTRSTE JUDGE